# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SHERRY LEE HAGY,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22CV00017 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI,** ) | Judge James P. Jones |
| **ACTING COMMISSIONER** ) | |
| **OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Hugh F. O'Donnell, Norton, Virginia, for Plaintiff; Brittany J. Gigliotti, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Baltimore, Maryland, for Defendant.*

In this social security case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits under provisions of the Social Security Act (the Act). The action was referred to United States Magistrate Judge Pamela Mead Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on April 11, 2023, in which she recommended that the court affirm the Commissioner's decision denying benefits. After obtaining an extension of time, on May 25, 2023, the plaintiff filed written objections to the Report. The Commissioner

filed a response to the objections and the plaintiff has replied to the Response. Accordingly, the objections are ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). I must not reweigh the evidence or make credibility determinations because those functions are left to the Administrative Law Judge (ALJ). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (alteration in original) (citation omitted).

If such evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Id.* The court may not "reflexively rubber-stamp an ALJ's findings." *Hall v. Kijakazi*, No. 2:21CV00022, 2022 WL 4775928 (W.D. Va. Sept. 30, 2022) (quoting *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020)). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Arakas*, 983 F.3d at 95 (internal quotation marks and citations omitted).

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In her objections, the plaintiff argues the same issues as she presented to the magistrate judge, but she adds two issues not previously submitted. The plaintiff objects to the following aspects of the Report:

1. Its finding that the ALJ did not err in denying her request for consultative physical and psychological evaluations;

2. Its consideration of the ALJ's finding that the plaintiff's depression was a non-severe impairment; and

  3. Its finding that the ALJ reasonably considered the plaintiff's subjective complaints.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. The Report notes that the ALJ sufficiently explained why he determined the record to have adequate evidence, the weight given to her treatment record, prior administrative medical records from four state physicians and psychologists, the plaintiff's subjective report that she experienced significant benefit from depression medication, why he found the depression to be mild given her residual functional capacity, and why he did not require a consultative mental health examination to further supplement the record to make his determination. An ALJ may arrange for a consultative examination, but he is not required to do so if he deems there is adequate evidence to determine whether a claimant is disabled. 202 C.F.R. § 404.1545a(3). The objections regarding the ALJ's findings about the plaintiff's depression and subjective complaints amount to a disagreement with how the ALJ weighed the record evidence, which is not a proper ground for rejecting the Report or overruling the Commissioner's decision.

I find that the Report accurately resolved the issues presented and should be accepted.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 27, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 24, is fully ACCEPTED;

3. The plaintiff's Motion for Summary Judgment, ECF No. 18, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 22, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: July 13, 2023

/s/ JAMES P. JONES
Senior United States District Judge